JS-6

cc: USBK

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: <br> ANIBAL MESALA SILVA, <br>       Debtor, <br> ANIBAL SILVA, <br>       Appellant, <br>    v. <br> MIDLAND MORTGAGE; MIDFIRST BANK; and ROD DANIELSON, <br>       Appellees. | Case No. 5:21-cv-00265-JWH <br><br> **MEMORANDUM OPINION AND ORDER AFFIRMING THE ORDER OF THE BANKRUPTCY COURT** |

## I. INTRODUCTION

On January 3, 2019, Appellant Anibal Mesala Silva filed a voluntary petition under Chapter 13 of the Bankruptcy Code, thereby commencing his bankruptcy case.[1] As relevant here, Appellee Rod Danielson was the duly appointed Chapter 13 trustee in Silva's bankruptcy case, and Appellees Midland Mortgage and MidFirst Bank (jointly, "MidFirst") were creditors. On January 7, 2021, Danielson filed a motion to dismiss Silva's bankruptcy case.[2] Silva opposed that Motion on January 19, 2021,[3] and on February 2, 2021, MidFirst filed a reply.[4] The bankruptcy court conducted a hearing on the Motion on February 9, 2021.[5] Before that hearing, the bankruptcy court issued a tentative ruling granting the Motion and ordering: "APPEARANCES REQUIRED."[6] Silva failed to appear at the hearing on the Motion.[7] On February 25, 2021, the bankruptcy court entered its Order granting the Motion.[8]

Silva appealed that Order on February 16, 2021.[9] Silva amended his notice of appeal on March 11, 2021.[10] For the reasons stated below, this Court now **AFFIRMS**.

---

[1] *See In re Silva*, Case No. 6:19-bk-10026-SY (Bankr. C.D. Cal.). References to documents filed in Silva's bankruptcy case, No. 6:19-bk-10026-SY, are cited herein as "BK ECF No.," followed by the document number on the bankruptcy court's docket.
[2] *See* Mot. to Dismiss (the "Motion") [BK ECF No. 259].
[3] *See* Opp'n to the Motion [BK ECF No. 267].
[4] *See* Reply in Supp. of the Motion [BK ECF No. 277].
[5] *See* Order Granting the Motion (the "Order") [BK ECF No. 292] at 1:21–23.
[6] *See* Tentative Ruling on the Motion [BK ECF No. 282] (caps in original).
[7] *See* Order 1:23–25.
[8] *See generally* Order.
[9] *See* Notice of Appeal [ECF No. 1]. Silva originally appealed the bankruptcy court's tentative ruling on the Motion.
[10] *See* Am. Notice of Appeal [ECF No. 11].

## II. JURISDICTION

The bankruptcy court had jurisdiction over Silva's bankruptcy case and over the Motion that is the subject of this appeal, pursuant to 28 U.S.C. §§ 157(b) & 1334. This Court has jurisdiction over this appeal under 28 U.S.C. § 158(b).

## III. DISCUSSION

### A. Failure to Provide an Adequate Record on Appeal

The Federal Rules of Bankruptcy Procedure "govern the procedure in a United States district court . . . on appeal from a judgment, order, or decree of a bankruptcy court." Fed. R. Bankr. P. 8001(a). The Bankruptcy Rules provide, in relevant part, as follows:

> (1) Subject to subdivision (e) and Rule 8009(d), the appellant must serve and file with its principal brief excerpts of the record as an appendix. It must contain the following:
>
>    (A) the relevant entries in the bankruptcy docket;
>
>    (B) the complaint and answer, or other equivalent filings;
>
>    (C) the judgment, order, or decree from which the appeal is taken;
>
>    (D) any other orders, pleadings, jury instructions, findings, conclusions, or opinions relevant to the appeal;
>
>    (E) the notice of appeal; and
>
>    (F) any relevant transcript or portion of it.

Fed. R. Bankr. P. 8018(b)(1). An appellant bears the burden of proof on appeal and is charged with the corresponding responsibility to file an adequate record. *Kritt v. Kritt (In re Kritt)*, 190 B.R. 382, 387 (B.A.P. 9th Cir. 1995) (citing *Burkhart v. FDIC (In re Burkhart)*, 84 B.R. 658, 660 (B.A.P. 9th Cir. 1988)). Accordingly, an appellant's failure to provide an adequate record can itself serve

as a basis for the summary affirmance or dismissal of the appeal. *Cmty. Commerce Bank v. O'Brien (In re O'Brien)*, 312 F.3d 1135, 1137 (9th Cir. 2002).

Here, Silva failed to submit, with his opening brief, an appendix containing the documents required under Bankruptcy Rule 8018(b)(1). Silva did not make any request for this Court to "dispense with the appendix" under Bankruptcy Rule 8018(e). Accordingly, the Court finds that Silva failed to provide an adequate record on appeal. Therefore, this Court **AFFIRMS** the bankruptcy court's Order. *O'Brien*, 312 F.3d at 1137 ("the failure to present a sufficient record can itself serve as a basis for summary affirmance").

**B.** **Standing**

As an alternative ground for decision, the Court finds that Silva lacks standing to appeal the Order.

Only a "person aggrieved" has standing to appeal a bankruptcy court's order. *Fondiller v. Roberson (In re Fondiller)*, 707 F.2d 441, 442-43 (9th Cir. 1983) (citation omitted). A "person aggrieved" is one who is "directly and adversely affected pecuniarily by the order of the bankruptcy court." *Id.* at 442. For example, a debtor is "aggrieved" if the order "diminish[es] the debtor's property, increase[s] his burdens, or detrimentally affect[s] his rights." *Id.*

Here, Silva does not have standing to appeal the Order because he is not a "person aggrieved" by that Order. The bankruptcy court approved Silva's Chapter 13 Plan of Reorganization on April 10, 2019.[11] When the bankruptcy court entered its Order, Danielson had already disbursed all of Silva's payments under Silva's confirmed Chapter 13 Plan. In other words, the administration of Silva's Chapter 13 estate was complete. Therefore, the Order did not affect Silva's interest in any property nor otherwise detrimentally affect his rights.

---

[11] *See* Order Confirming Chapter 13 Plan [ECF No. 67].

-4-

Moreover, Silva was not entitled to a discharge in his bankruptcy case. As relevant here, 11 U.S.C. § 1328 provides as follows:

> Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge—
>
> (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or
>
> (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

11 U.S.C. § 1328(f). Here, on August 2, 2018, Silva filed a voluntary petition under Chapter 7, thereby commencing bankruptcy case No. 6:18-bk-16528-SY. The bankruptcy court in that case entered a discharge on January 2, 2019.[12] Silva commenced the underlying Chapter 13 bankruptcy case on January 3, 2019. Therefore, because Silva received a discharge in a prior case under Chapter 7 within the statutory period prescribed under 11 U.S.C. § 1328(f)(1), he was not entitled to a discharge in the underlying Chapter 13 bankruptcy case.

In sum, the Order dismissing Silva's bankruptcy case did not "diminish [Silva's] property, increase his burdens, or detrimentally affect his rights." *Fondiller*, 707 F.2d at 442. Accordingly, Silva does not have standing to appeal the Order.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The Order of the bankruptcy court dismissing Silva's Chapter 13 case is **AFFIRMED**.

---

[12] *See* Case No. 6:18-bk-16528-SY, BK ECF No. 52.

2.    The Clerk is **DIRECTED** to close this case.

      **IT IS SO ORDERED.**

Dated: August 24, 2021



John W. Holcomb
UNITED STATES DISTRICT JUDGE